UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW SCHWARTZ and<br>AMY SCHWARTZ,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>Defendant. | Civil Action No. 1:18-cv-10767-GAO |

## STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY AND THE PROTECTION OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action and their counsel are subject to the following Protective Order:

1. This protective order applies to all documents and to the information contained therein designated "CONFIDENTIAL" by the party producing same. This Order is intended to cover, without limitation, all records of the plaintiffs' taxes, business records, medical, and mental health records in this case.

2. If a party seeks to establish that documents or information contained in the documents are not entitled to such status and protection, the party shall advise opposing counsel of the basis of the objection. If the parties cannot resolve the dispute within ten (10) days of such notification, the party seeking to establish confidentiality shall bring the matter to the Court for resolution and shall bear the burden of establishing that a protective order concerning the documents or information is appropriate. *See Anderson v. Cryovac*, 805 F.2d 1 (1st Cir. 1986).

3. Confidential documents are to be used by the parties only in connection with litigating this case, unless the confidentiality of the documents is successfully challenged at a later date.

4. Confidential material may only be disclosed as follows:

   a. to the Court, *in camera* or under seal;

   b. to attorneys of record, including their partners and associates, office support and any others who are directly assisting the attorneys of record, and such persons are to be informed of their obligations under this Order and will be bound by this Order; and

   c. to experts, under these conditions: (1) the attorney of record shall first inform each expert that the disclosed material is confidential, is to be held in strict confidence, and is to be used solely to prepare and present evidence in the litigation, and that these restrictions are imposed by court order; and (2) the expert shall agree in writing to be bound by this Order.

5. Confidential material may not be otherwise disclosed without the prior written consent of the party producing same, unless confidentiality is successfully challenged at a later date.

6. Copies of confidential material may not be made except for an expert who requires a copy for review, file copies for counsel, and copies for use at depositions, in support of motions, and for use at trial. To the extent copies are made as provided in this paragraph, such copies shall themselves become confidential documents and shall be subject to all the terms of this Order as if they were a "first generation" document.

7. Medical records and mental health treatment records may not be discussed with or provided to the defendants themselves except as necessary for this case.

8. During his or her oral deposition, a deponent may be shown confidential documents or information so that the deponent can answer questions based on it. To the extent that the deposition transcript incorporates into it confidential material, the portion of the transcript incorporating such material shall itself become a confidential document and shall be subject to all the terms of this Order as if it were a "first-generation" document. Exhibits shall be considered "first-generation" documents and shall not be reproduced, except as herein provided.

A deponent who is not a party to the litigation shall be furnished a copy of this Order before being examined upon, or asked to produce, potentially confidential documents.

9. The use of the confidential documents at trial shall be determined by the trial court.

10. If another court or administrative agency subpoenas or orders production of confidential material, the recipient of the subpoena or order shall promptly notify the other party of the pendency of the subpoena or order.

11. The parties agree to be bound by the terms of this Confidentiality Agreement pending entry by the Court of this Confidentiality Agreement, or an alternative thereto which is mutually satisfactory to the parties, and any violation of its terms shall be subject to the same actions and penalties as if this Confidentiality Agreement had been entered by the Court.

12. The provisions of this Order shall survive the termination of this action, except to the extent that confidential information becomes part of the public record at trial. <u>Within ninety days of the termination of the action, all medical records and other documents identified as confidential and subject to this agreement shall be returned to the producing party through its attorneys or destroyed by shredding.</u>

13. Documents produced under this Order shall not be deemed to waive any applicable privileges.

14. Production of any confidential materials by the parties does <u>not</u> waive objections by the parties as to the admissibility of such materials in evidence. Neither party shall be deemed to have waived its right to seek the admission of these materials into evidence by consenting to this Confidentiality Agreement.

15. In the event that any confidential documents and information so designated by the parties are subpoenaed by any court, regulatory, administrative or legislative body or any person purporting to have authority to subpoena such information (other than a party to this matter), the parties shall not produce such information without first giving written notice to the opposing

party so as to enable that party to have a reasonable opportunity to seek protective relief. The aforementioned notice is hereby given provided the parties deem it commercially reasonable and practicable.

16. Inadvertent production of any document or other information by either party during discovery in this proceeding shall be without prejudice to any claim that such material is privileged or protected from discovery as "Attorney Work Product." The parties shall not be held to have waived any such privileges by inadvertent production. Such document or information shall not be subject to production in another proceeding by virtue of the fact that it was inadvertently produced in this proceeding. Additionally, the parties reserve the right to designate a document as "confidential" after it has been produced.

17. This Order may be modified by this Court upon application by a party, with notice.

Respectfully submitted,
Defendant American Airlines.
By counsel:

/s David J Volkin
David J. Volkin, Esq.
BBO# 630743
The Law Offices of David J. Volkin
One Boston Place
Suite 2600
Boston, MA 02108
617-235-7227
djvolkin@volkinlaw.com

Date: June 27, 2019

Dated August 29, 2019

Respectfully submitted,
Plaintiffs Andrew Schwartz and
Amy Schwartz
By counsel:

/s Andrew M. Fischer
Andrew M. Fischer
BBO# 167040
Andrew J. Brodie
BBO# 661269
Law Offices of Jeffrey S. Glassman LLC
One International Place, Suite 1810
Boston, MA 02110
617-367-2900
afischer@jeffreysglassman.com
abrodie@jeffreysglassman.com
Date: June 27, 2019

SO ORDERED:

/s/ George A. O'Toole, Jr.
Hon. George A. O'Toole, Jr.